UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARGARET GOETZEE NAGLE ET AL.                CIVIL ACTION

VERSUS                                                                    NO. 12-1910

MARLIN N. GUSMAN ET AL.                             SECTION "R" (2)

**ORDER ON MOTIONS**

APPEARANCES:  None (on the briefs)

MOTION:  (1) Defendants' Unopposed Motion to Continue Submission Date of Plaintiffs' Motion for Sanctions, Record Doc. No. 209; (2) Plaintiff's Motion for Sanctions, Record Doc. No. 205

O R D E R E D:

 (1) : DENIED. Defendants' written opposition to plaintiffs' motion for sanctions was required to be filed no later than December 15, 2015. Local Rule 7.5. Despite the fact that plaintiffs filed their motion almost three weeks ago, defendants waited until six days after their opposition deadline to file this motion to continue. Fed. R. Civ. P. 6(b)(1)(B) provides that "[w]hen an act . . . must be done within a specified time, the court may [not must], for good cause, extend the time: . . . on motion made after the time has expired if the party failed to act because of excusable neglect" (emphasis added). In this instance, defendants' motion papers have offered no reason whatsoever, much less "good cause," for their failure to act by the deadline. They offer no reason of any kind why their neglect might be excusable.

This case has been pending for more than three years. The discovery deadline approaches. Unless justified by good reasons, further delays cannot be permitted. As outlined below, the court and the United States Marshal require time properly to address the subject defendant's previous violation of this court's order. The further delay requested by defendants would jeopardize the schedule by which the problem – caused by defendant Darryle Jackson and his counsel of record – must now be addressed.

 (2) : GRANTED IN PART, DENIED IN PART AND DEFERRED IN PART. As noted above, Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed and served no later than eight days before the noticed submission date.  No memorandum in opposition to plaintiff's Motion for Sanctions, Record Doc. No. 205, submitted for decision on December 23, 2015, without oral

argument, has been timely submitted. Accordingly, this motion is deemed to be unopposed. However, it appears that the motion has merit only in part as follows.

The motion seeks four forms of sanctions as to the failure of defendant, Darryle Jackson, to appear at his court-ordered deposition: (1) entry of a default judgment against Jackson; (2) granting plaintiffs leave to depose Jackson on a date and time of plaintiffs' choosing; (3) an award of attorneys fees and costs; and (4) a one-time fine against defendant's attorneys.

The motion is DEFERRED insofar as it requests entry of a default judgment against Jackson at this time. Plaintiffs' counsel has separately provided the court with Jackson's last known service address and preferred dates on which they seek to depose him. The court will provide Jackson with a final opportunity to appear for his deposition by ordering him to appear before me in person, on the same date selected for his rescheduled deposition, and show good cause (a) for his failure to appear at the previously scheduled court-ordered deposition, and (b) why a default judgment should not be entered against him. A show cause order to be served upon Jackson by the United States Marshal will be separately issued.

The motion is granted insofar as it seeks leave to depose Jackson at a time of plaintiffs' choosing. Plaintiffs' counsel have separately requested February 2, 2016, the current discovery deadline, as that date. The deposition will be conducted immediately following the show cause hearing, which will commence at 10:00 a.m., or after defendant Jackson's arrest pursuant to bench warrant if he fails again to appear, at a place within the United States District Courthouse that I will designate from the bench following the show cause hearing. All counsel who seek to attend and/or examine Jackson during his deposition following questioning by plaintiffs' counsel must appear in my courtroom, Room B-421, 500 Poydras Street, New Orleans, Louisiana, at 10:00 a.m. on February 2, 2016.

The motion is also granted insofar as it seeks an award of fees and costs against both defendant Jackson and his counsel of record, but only in the amount provided herein. The lodestar method is routinely used to determine attorney's fee awards in federal civil actions and applies in this case brought under a federal statute. Under the lodestar method,

> [t]he determination of a fees award is a two-step process. First the court calculates the "lodestar[,]" which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. The court should exclude all time that is excessive, duplicative, or inadequately documented. Once the lodestar amount is calculated, the court can adjust it based on the twelve factors[1] set forth in

---

[1] The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases. Johnson, 488 F.2d at 717-19.

>Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)[, abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989)].

Jimenez v. Wood Cnty., 621 F.3d 372, 379-80 (5th Cir. 2010) (citations omitted).

The hourly rates requested by counsel ($400 per hour for preeminent civil rights lawyers with decades of experience, one based in New York and the other his local counsel) are reasonable. The expenses incurred and hours of work of these two lawyers, as reflected in the supporting materials, were reasonably related to defendant's failure to appear. However, permitting plaintiffs to recover for the time and expenses incurred by a third lawyer, also based in New York, in connection with the single deposition at issue in this motion, must be excluded as unreasonably duplicative and excessive. Taking an individual deposition is not a three-lawyer job. With the third lawyer's time and expenses eliminated, **IT IS ORDERED** that plaintiffs must be paid $1,127.05 in costs together with $5,666.80 in attorneys fees, for a total of $6,666.80, reasonably incurred as a result of defendant's failure to appear as ordered. Under the circumstances described in this motion and the proces verbal transcript supporting it, which address the role of this defendant's counsel of record in the non-appearance at the court-ordered deposition, IT IS FURTHER ORDERED that liability to pay this amount to plaintiffs is imposed on both the defendant, Darryle Jackson, and his responsible counsel of record, the law firm of Gauthier, Houghtaling & Williams, Fed. R. Civ. P. 37(b)(2)(C), both of whom are jointly liable for the full amount.

The motion is denied insofar as it seeks imposition of an additional sanction in the amount of $5,000.00 against defendant's counsel. I find that the sanction imposed above is sufficient both to address the reasonable fees and expenses incurred as a result of failure to appear and to deter defense counsel from future such conduct, and that awarding the additional requested amount would be excessive.

New Orleans, Louisiana, this ___23rd___ day of December, 2015.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

CLERK TO NOTIFY:
HON. SARAH S. VANCE