UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARGARET GOETZEE NAGLE ET AL. | CIVIL ACTION |
| VERSUS | NO. 12-1910 |
| MARLIN N. GUSMAN ET AL. | SECTION "R"(2) |

**REPORT AND RECOMMENDATION**

This case was closed on a conditional dismissal order on March 10, 2016, based upon the parties' settlement of the claims asserted in the complaint. Record Doc. Nos. 396-98. However, a separate discovery sanction imposed earlier by order of the court in favor of plaintiffs and against defendant Darryle Jackson and his counsel's law firm, Record Doc. Nos. 210, 289, in the amount of $6,666.80 has not been paid. The failure to pay these sanctions has been the subject of recent motion practice. Record Doc. Nos. 400- 405.

The sanctions order has now been clarified by me in an order that provides that the sanctioned payors are each responsible to pay plaintiffs the full amount as a solidary obligation of the type contemplated by La. Code Civ. arts. 1794-95 and 1804. The order and this report also provide the sanctioned payors, especially defense counsel, an opportunity to satisfy their obligations in this regard without further court proceedings. In the event that defendant Jackson and/or his counsel fail to do so, however, it appears necessary to enter a judgment concerning the sanction, so that formal collection

proceedings may be instituted if the sanctioned payors continue to fail to meet their responsibilities.

Accordingly, IT IS RECOMMENDED that, if the subject sanctions remain unpaid by the conclusion of the period for objections provided below, judgment be entered in favor of plaintiffs Margaret Goetzee Nagle and John Eric Goetzee and against defendant Darryle Jackson and his counsel of record, the law firm of Chehardy, Sherman, Williams, Murray, Recile, Stakelum & Hayes, LLP, in the amount of $6,666.80.

A party's failure to file written objections to the magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this ___11th___ day of July, 2016.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　JOSEPH C. WILKINSON, JR.
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[1] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.